J. E. BERNARD & CO., INC., ET AL. *v.* UNITED STATES

**No. 6653.**—Invoices dated London, England, May 28, 1941, etc.
　　　　Entered at Chicago, Ill., July 11, 1941, etc.
　　　　Entry No. 162, etc.

(Decided December 20, 1946)

*Wallace & Schwartz (Joseph Schwartz* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers, on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

THE HUB—HENRY C. LYTTON & SONS ET AL. *v.* UNITED STATES

**No. 6654.**—Invoices dated Hawick, Scotland, July 10, 1941, etc.
　　　　Certified July 12, 1941, etc.
　　　　Entered at Chicago, Ill., August 18, 1941, etc.
　　　　Entry No. 650, etc.

(Decided December 20, 1946)

*Wallace & Schwartz (Joseph Schwartz* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.